Filed 4/17/26  P. v. Gama CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH MICHAEL ROGELIO GAMA,<br><br>Defendant and Appellant. | C102820<br><br>(Super. Ct. No. 2022CR0088831) |

The trial court sentenced defendant Joseph Michael Rogelio Gama to an aggregate term of 30 years to life after a jury found him guilty of second degree murder (Pen. Code, § 187, subd. (a))[1] and custodial possession of a weapon (§ 4502, subd. (a)).  Defendant appeals his sentence, contending the trial court abused its discretion because it failed to consider the relevant factors in denying his motion to strike his prior strike conviction.

---

[1] Undesignated statutory references are to the Penal Code.

1

He also contends the trial court's denial of his motion violated his right to due process under the federal Constitution. We reject defendant's contentions and affirm the judgment.

## I. BACKGROUND

In 2016, in a different case, defendant was convicted by plea of one count of assault with a firearm (§ 245, subd. (a) (2)). The trial court found true two enhancement allegations: (1) defendant inflicted great bodily injury during the offense (§ 12022.7), and (2) the offense was committed for the benefit of a gang (§ 186.22, subd. (b)(1)(C)). The court sentenced defendant to an aggregate term of 15 years in state prison. (§ 1170, subd. (h)(3)).

In August 2020, while serving his 15-year sentence, defendant and another inmate attacked fellow inmate Juan Boyzo, who had been sitting in the prison dayroom reading. Before the custodial officers could effectively intervene, they stabbed Boyzo 65 times. Boyzo died of his injuries. Prison surveillance cameras captured the attack.

The People charged defendant with willful and premeditated murder (§ 187, subd. (a)—count I) and custodial possession of a weapon (§ 4502, subd. (a)—count II). The People also alleged that defendant suffered a prior strike conviction for assault with a firearm (§§ 245, subd. (a), 667, subds. (b)-(i), 1192.7, subd. (c)). The People included a further allegation for first degree murder.

During jury deliberations, without defense objection, the People withdrew the allegation of first degree murder, and the trial court instructed the jury to deliberate only on counts I and II. The jury found defendant guilty on those counts. After the jury returned its verdict, the trial court found true beyond a reasonable doubt the allegation that defendant suffered a prior strike.

In 2024, prior to sentencing, defendant filed a motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), asking the trial court to strike his prior strike conviction. Defendant argued that he was only 15 years old when he committed

2

the strike offense, and the age of the strike offense (almost 10 years) placed him outside the spirit of the Three Strikes Law. Defense counsel also read into the record a letter from defendant apologizing to the victim's family.

The People opposed defendant's motion, arguing that defendant "is an exceptionally violent, recidivist, career criminal," who elevated "his conduct from . . . assault to actual murder." "He is . . . precisely the person the 'strike' law was intended for."

The trial court denied the *Romero* motion. In doing so, the court first observed that defendant's apology to the victim's family was "one of the most hollow, meaningless, you know, 'go through the motions document' I've ever heard anybody read to me." The court went on to explain: "I can't think of any Judge I would ever know, ever did know or could ever imagine who would even consider a *Romero* motion under the facts in this case. . . . I watched the trial. I watched the defendant and his partner in crime stab this poor individual at least 65 times, so this is not the appropriate case for a *Romero* motion." The court concluded that it "would never" grant the motion and could not "conceive of it happening." The court sentenced defendant to an aggregate term of 30 years to life.

Defendant timely appealed.

## II. DISCUSSION

On appeal, defendant contends the trial court abused its discretion in denying his *Romero* motion because it failed to consider the relevant factors like the age of the prior conviction and defendant's background, character, and prospects in determining whether to grant the motion. Instead, the court "focused solely on the current offense." The court also "harbored an unlawful antipathy toward" him that caused it to be predisposed to deny him relief. He further contends the trial court's denial of his *Romero* motion violated his right to due process under the federal Constitution.

The People counter that the trial court did not focus solely on the current offense in determining whether to strike the prior strike. Given the "vicious and callous nature" of the current offense, defendant's "violent criminal history," and the "lack of mitigating circumstances," defendant did not fall outside the spirit of the Three Strikes Law. Therefore, the trial court did not abuse its discretion in denying the motion. As to defendant's claim that the trial court's denial of the *Romero* motion deprived him of due process, the People contend that defendant forfeited this claim by failing to raise it below. They further contend the claim fails on the merits because the trial court did not abuse its discretion in denying the motion. As we explain below, the People have the better arguments.

*A.* Romero *Motion*

In deciding whether to dismiss a prior strike conviction, the essential question the trial court must answer is whether the defendant falls outside the spirit of the Three Strikes Law. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) In answering that question, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit . . . and . . . should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Ibid*.)

We review a trial court's refusal to dismiss a prior strike conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) A trial court abuses its discretion when it relies on impermissible factors, applies the wrong standard, or is unaware of its discretion in deciding to strike a strike or refusing to do so. (*Id.* at p. 378; *People v. Knoller* (2007) 41 Cal.4th 139, 156.) " ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*People v. Carmony, supra*, at p. 377.) Therefore, we do not reverse a trial court's exercise of discretion just " ' "because reasonable people might disagree." ' "

4

(*Ibid*.) For us to reverse, the trial court's decision must be "so irrational or arbitrary that no reasonable person could agree with it." (*Ibid*.) Where " 'the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we affirm its ruling. (*Id*. at p. 378.)

Here, the record shows the trial court considered the relevant factors when it denied the *Romero* motion. (*People v. Carmony, supra*, 33 Cal.4th at p. 378.) Specifically, the court read and considered the parties' pleadings—both of which addressed the *Williams* factors in detail—before ruling on the motion. (See *Williams, supra*, 17 Cal.4th at p. 161.) The court also considered defendant's apology letter, which goes to the particulars of defendant's character and prospects for rehabilitation. The court found defendant's letter to be one of the most disinguous letters of remorse anyone had read to the court, labeling it "hollow" and "meaningless." And finally, the court considered the brutality of the current offense, where defendant and another inmate stabbed the victim 65 times.

The trial court's comments on the viciousness of the murder are not examples of the antipathy courts have found objectionable in the context of deciding whether a defendant fits within the spirit of the Three Strikes Law. Antipathy in this context means antipathy toward the Three Strikes Law itself. (See e.g., *People v. McGlothin* (1998) 67 Cal.App.4th 468, 477 [stating that trial court improperly struck a prior strike conviction because of its antipathy to the Three Strikes Law]; see also *Romero, supra*, 13 Cal.4th at p. 531 [stating that court does not act properly if guided solely by a personal antipathy for the effect the Three Strikes Law has on defendant].) Nothing in the trial court's comments indicated it had antipathy toward following the law.

The trial court focused its inquiry on whether the factors it was required to consider placed defendant outside the spirit of the Three Strikes Law. (*People v. Williams, supra*, 17 Cal.4th at p. 161.) Before the court was evidence of defendant's prior conviction for an assault with a firearm where he inflicted great bodily injury on the

5

victim. Also before the court was evidence that while serving his sentence for assault with a firearm, defendant committed murder. And despite the brutality of that murder, the court found defendant's apology letter, was merely an exercise in going " 'through the motions.' " It was not actual remorse, but rather "hollow," and "meaningless."

And, contrary to defendant's assertion, the trial court's statement that it could not think of any judge that would grant the *Romero* motion under these circumstances, does not demonstrate a predisposition to rule against defendant. It simply restates the abuse of discretion standard: that no reasonable or rational person would disagree with its decision to deny the motion. (*People v. Carmony, supra*, 33 Cal.4th at p. 377.) Based on the record before it, the trial court did not abuse its discretion in denying defendant's *Romero* motion.

For the first time on appeal, defendant contends the trial court's denial of his *Romero* motion violated his right to due process because the court failed to consider the mitigating factors in section 1385, subdivision (c). The People argue that defendant forfeited this claim by failing to raise it in the trial court.

When a defendant's constitutional claim relies on the same facts and legal standards the law required the trial court to apply, and the defendant asserts that the trial court's act or omission also violated the Constitution, we will address the claim even if the claim was not raised in the trial court. (*People v. Ervine* (2009) 47 Cal.4th 745, 783.) Where we reject the defendant's claim that the trial court erred on the issue the trial court considered, as we do here, however, we necessarily reject the " 'constitutional "gloss" as well.' " (*Id*. at p. 771, fn.12, quoting *People v. Boyer* (2006) 38 Cal.4th 412, 441, fn. 17, superseded by statute on other grounds.) In that case, no separate constitutional discussion is required. (*People v. Boyer, supra*, at p. 441, fn. 17.)

We have already concluded the trial court did not abuse its discretion in denying defendant's *Romero* motion. Accordingly, his due process claim, which is based on the

denial of his *Romero* motion, also fails. (*People v. Boyer, supra*, 38 Cal.4th at p. 441, fn. 17.)

### III. DISPOSITION

The judgment is affirmed.

/S/

———————————————
RENNER, J.

We concur:

/S/

———————————————
DUARTE, Acting P. J.

/S/

———————————————
WISEMAN, J.*

———————————————

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.